IN THE

## UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE | ) | CASE NO. 13-4040 |
| | ) | |
| V. | ) | |
| | ) | |
| IRA JAMES HENDERSON, | ) | APPEAL FROM |
| | | UNITED STATES DISTRICT |
| DEFENDANT-APPELLANT. | ) | COURT FOR THE |
| | ) | EASTERN DISTRICT OF |
| | ) | NORTH CAROLINA |
| | ) | (NO. 5:12-cr-00038-BO-1) |

---

## BRIEF OF APPELLANT IRA JAMES HENDERSON

Steven H. Jesser
Steven H. Jesser, Attorney at Law, P.C.
Attorney for Appellant-Defendant
5250 Old Orchard Road, Suite 300
Skokie, IL 60077-4462
800-424-0060
800-330-9710 fax
shj@sjesser.com

1

# STATEMENT OF CORPORATE AFFILIATIONS
# AND FINANCIAL INTEREST

Pursuant to 4th Cir. R. 26.1, appellant-defendant Ira James Henderson makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? **No.**

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? **No.**

s/ Steven H. Jesser
Attorney for Appellant

Date: July 3, 2013

# TABLE OF CONTENTS

|                              | Page No. |
|---|---|
| Corporate Disclosure Form    | 2  |
| Table of Contents            | 3  |
| Table of Authorities         | 4  |
| Jurisdictional Statement     | 5  |
| Statement of the Issue       | 6  |
| Statement of the Case        | 6  |
| Statement of Facts           | 7  |
| Summary of Argument          | 10 |
| Argument                     | 11 |
| Conclusion                   | 12 |
| Certificate of Compliance    | 16 |
| Certificate of Service       | 17 |

# TABLE OF AUTHORITIES

**Cases**

*Gall v. United States*, 552 U.S. 38, 41 (2007)……………………………….11

*United States v. Carter*, 564 F.3d 325, 328 (4th Cir., 2009)………………….11

*United States v. Green*, 436 F.3d 449 (4th Cir., 2006)……………………….11

*United States v. Mason*, 284 F. 3d 555 (4th Circ., 2002)…………………….13

# JURISDICTIONAL STATEMENT

1.  Appellant Ira James Henderson (Henderson) appeals from judgment in a criminal case (Doc. 44, Appendix Ex. B, upon a two-count indictment (Doc. 1, Appendix Ex. A) for (Count 1) possession of a firearm after conviction of a misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(9), and (Count 2) possession of a firearm with obliterated serial number, 18§ 922(k). Pursuant to plea (without plea agreement) on September 20, 2012 (Doc.52, Appendix Ex. D ) containing no stipulation of facts, the district court sentenced Henderson on January 3, 2013 (Doc. 53, Appendix Ex. E) to 180 months incarceration upon Count 1 and 120 months concurrent incarceration upon Count 2.

2.  The presentence investigation report (Doc. 39, Sealed Appendix Ex. A states in pertinent part at its Part D., page 18, that:

| | |
|---|---|
| Base offense level | 14 |
| Specific offense characteristics | 4 |
| Victim-related adjustments | 0 |
| Adjustment for role in the offense | 0 |
| Adjustment for obstruction of justice | 0 |
| Adjusted offense level | 18 |
| Chapter Four enhancements | 33 |
| Adjustment for acceptance of responsibility | -3 |

5

Total offense level                                                     <u>30</u>

<u>Jurisdiction of the Court Below</u>: The United States District Court had jurisdiction over defendant's federal criminal prosecution, pursuant to 18 U.S.C. § 3231, whereby the "district courts of the United States shall have original jurisdiction ... of all offenses against the laws of the United States."

<u>Jurisdiction of this Court</u>: This Court has jurisdiction of the appeal pursuant to 28 U.S.C.§ 1291, whereby the "courts of appeals ... shall have jurisdiction of appeals from all final decisions of the district courts of the United States ..." The United States District Court for the Eastern District of North Carolina is within the Fourth Circuit. Following the district court's judgment and sentence on January 3, 2013, defendant timely filed a notice of appeal on January 3, 2013 (Doc. 41, Appendix Ex. C). This appeal is from a final order or judgment that disposes of all parties' claims.

## STATEMENT OF THE ISSUE

**Whether the Court relied on legally insufficient information of prior convictions, upon which to sentence Henderson to 180 months incarceration as an armed career criminal.**

## STATEMENT OF THE CASE

1. Henderson appeals from his sentence upon judgment in a criminal case (Doc. 44, Appendix Ex. B) upon a two-count indictment (Doc. 1, Appendix

Ex. A.)

## SUMMARY OF THE FACTS

1.  Appellant Ira James Henderson (Henderson) appeals from judgment in a criminal case (Doc. 44, Appendix Ex. B, upon a two-count indictment (Doc. 1, Appendix Ex. A) for (Count 1) possession of a firearm after conviction of a misdemeanor crime of domestic violence, 18 U.S.C. § 922(g)(9), and (Count 2) possession of a firearm with obliterated serial number, 18§ 922(k). Pursuant to plea (without plea agreement) on September 20, 2012 (Doc. 52, Appendix Ex. D) containing no stipulation of facts, the district court sentenced Henderson on January 3, 2013 (Doc. 53, Appendix Ex. E) to 180 months incarceration upon Count 1 and 120 months concurrent incarceration upon Count 2.

2.  The presentence investigation report (Doc. 39, Sealed Appendix Ex. A states in pertinent part at its Part D., page 18, that:

| | |
|---|---|
| Base offense level | 14 |
| Specific offense characteristics | 4 |
| Victim-related adjustments | 0 |
| Adjustment for role in the offense | 0 |
| Adjustment for obstruction of justice | 0 |
| Adjusted offense level | 18 |

| | |
|---|---|
| Chapter Four enhancements | 33 |
| Adjustment for acceptance of responsibility | -3 |
| Total offense level | 30 |

At the plea hearing (Doc. 52, Appendix Ex. D ), the Court made a finding that Henderson did have at least two prior convictions for assault on a female in North Carolina state court in both 2004 and 2008. No reference was made at the plea hearing to any robbery convictions. At the sentencing hearing (Doc. 53, Appendix Ex. E), the Court stated that Henderson's sentencing guideline range of 180 to 210 months (Level 30, Category VI) was based on armed career offender status, due to a prior gun charge which occurred in approximately 1976. Henderson's attorney did not deny the existence of the robbery charge, but explained that no documentation currently exists of any judgment, commitment order, or factual findings of a common law robbery. (Doc. 53, pp. 3-4.) Henderson's attorney objected to the presentence investigation report using such undocumented judgment as a predicate offense as part of its calculations, and determination of armed career criminal status. No documentation existed whether the common law, not statutory, robbery offense was based on mere intimidation, or actual force.

Henderson did not object at the sentencing hearing when the Court stated "Okay. But there is no dispute that someone named Ira James Henderson

8

committed and was convicted of this crime in 1976? And you (the Assistant United States Attorney) just showed that the evidence is compelling that he is the Ira James Henderson because he has the same fingerprints." (Doc. 53, page 11).

Henderson objected to the PSI and at sentencing hearing to a second predicate conviction qualifying for armed career criminal status, for which no documentation existed. Henderson claimed that the conviction for such second offense was not an adult conviction but, rather, for a youth offense under the federal Youth Corrections Act. Based on no documentation of the conviction, the Court stated at sentencing "I think that it's a qualifying predicate, but you can certainly take that up and get a ruling on it." (Doc. 53, page 14).

The Court did not explain what it meant by the term "qualifying," or whether such term was intended to mean "conditional" or "quasi" or "allowable" or other meaning. "Well, I think that the circumstantial evidence is that the crime that he pled guilty to happened after he was 18…..Well, I think it does (establish that it happened after age 18). I will let you take that up. All right. Your (Henderson's) objections are denied. So his guideline range is 180 to 210; is that correct? 180 to 210 months? (Doc. 53, page 15, Appendix Ex. E)…But if you get them (Fourth Circuit) to agree that a youthful offender is not scored or that there is some irregularity about the Wake County common law robbery, then you will be home free…They (Fourth Circuit) love armed career criminal cases. I mean

9

that is one of the most frequent, obscure kind of case they (Fourth Circuit) take. You can see that. Because it's so nuance that it's hard to tell exactly when you are in and when you are out." (Doc. 53, page 22, Appendix Ex. E).

The PSI (Doc. 39, Sealed Appendix, Ex. A, page 13) states at paragraph 39 that "The total of the criminal history points is 23, establishing a criminal history category of VI (Chapter 5, Part A)." Without factual explanation, the PSI asserts that "Additionally, inasmuch as the defendant is an armed career criminal, the criminal history category is VI (4B1.4(c)(1)). (Sealed Appendix, Ex. A, page 13. The term "armed career criminal" had not been referenced within the four corners of the PSI previously, or subsequently." The 1976 common law robbery and 1978 robbery were assigned 0 (zero) guidelines points (Sealed Appendix, Ex. A, pp. 5-6).

An addendum to the PSI contains objections. Henderson denied that he was the person convicted of the common law robbery and robbery offenses, to both of which the probation officer responded "in the opinion of the probation officer, NCIC records are sufficiently clear to establish that it was the defendant who was convicted of the offense in question." (Sealed Appendix, Ex. A, page 22).

## SUMMARY OF THE ARGUMENT

The Court relied on legally insufficient information of prior convictions, upon which to sentence Henderson to 180 months incarceration as an armed

career criminal.

## ARGUMENT/DISCUSSION OF ISSUES

**The Court relied on legally insufficient information of prior convictions, upon which to sentence Henderson to 180 months incarceration as an armed career criminal.**

This Court's standard of review for excessiveness of sentence is set forth *United States v. Green*, 436 F.3d 449 (4th Cir., 2006): (T)he overarching standard of review for unreasonableness will not depend on a particular sentence selected, but whether the sentence was selected pursuant to a reasoned process in accordance with law, in which the court did not give excessive weight to any relevant factor, and which effected a fair and just result in light of the relevant facts and law.

When the Fourth Circuit reviews any sentence, "whether inside, just outside, or significantly outside the Guidelines range," it applie(s) a "deferential abuse of – discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The circuit court will first "ensure that the district court committed no significant procedural error." *Id* at 51. "If, and only if, (it) find(s) the sentence procedurally reasonable can (it) consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir., 2009).

Henderson objected to the presentence investigation report to his designation

as an armed career criminal (ACC), in that he did not have the requisite number of predicate convictions for ACC status. (Doc. 39, page 2 of Objections, Sealed Appendix Ex. A). Henderson claimed that the record cannot establish that he used or carried a weapon during an act of juvenile delinquency, so his conviction should not be a predicate for ACC. The probation officer responded to the objection that pursuant to 18 U.S.C. § 924 (e)(1), three previous convictions for violent felonies or serious drug offenses, or both, are required to qualify for ACC status. The probation officer conceded that documents do not establish that Henderson used or carried a firearm or other weapon in the commission of a robbery in Washington, D.C. approximately thirty-five years prior to sentencing. In the opinion of the probation officer, the argument is "moot," because Henderson was sentenced for the robbery as an adult, rather than as a juvenile, irrespective of whether Henderson used a weapon in the commission of the act. The probation officer "concludes" in the PSI (Sealed Appendix, Ex. A, page 3 of Objections) that Henderson's conviction was as an adult conviction, and a crime of violence. Such opinion led to calculation of the sentencing range of 180 to 210 months incarceration, rather than 41 to 51 months for non-ACC status, under the two offenses to which Henderson pled. (Sealed Appendix Ex. A, page 3 of Objections).

  The probation officer, and the Court, failed to explain in the record on what factual basis, if any, they opined that Henderson was convicted of a second

12

robbery, as an adult, and/or that he used forced in the commission of the offense. They merely concluded that such offense was committed as an adult, and with a weapon, even though no paper documentation existed in support thereof. Their conclusions were based on the alleged existence of remaining fingerprints, even though both concede that no files of such prosecutions existed, which then begs the question how fingerprints can exist in the absence of criminal files. Certain jurisdictions, such as the Circuit Court of Cook County, IL, retain paper documentation for sixty years or more, of all criminal charges and their dispositions, yet the jurisdictions in which Henderson was charged with robberies did not do so, even for thirty-five years.

The record is clouded and inconclusive whether Henderson committed a second robbery offense in 1970's, as an adult or as a juvenile. The probation officer and the Court (which invited the Fourth Circuit to intervene) concluded in a facile and unexplained manner that the second robbery conviction was an adult conviction, even though no documentation of the offense or conviction presently exists. In *United States v. Mason*, 284 F. 3d 555 (4th Circ., 2002), a case which is factually foursquare to the appeal *sub judice*, the district court erred when it used a juvenile sentence to determine the defendant's career offender status. Because the defendant received a juvenile sentence for the robbery and it occurred more than five years prior to the offense in question, the court improperly included it in

determining the defendant's criminal history and his career offender status.

The probation officer and the Court appeared to overlook and ignore the probation officer's PSI designation regarding this robbery that Henderson "pled guilty (to) 10 years custody (per) (Federal Youthful Corrections Act) (Doc. 39, page 6, Appendix Ex. A), *ergo*, a juvenile and not adult conviction. *Mason* (*supra*) holds that a juvenile conviction cannot be counted as a predicate offense under the career offender provision, yet, in the appeal *sub judice*, the district court summarily did so, and invited the Fourth Circuit to review and reverse, if warranted.

No information was adduced in the record whether, per United States Sentencing Guidelines § 2B3.1, a firearm was used in the omission of the alleged second robbery, and/or whether bodily injury or serious bodily injury or permanent or life-threatening bodily injury were involved. Although the Court was basically and factually uninformed regarding the second robbery, nevertheless, the Court found it to have resulted in an adult conviction.

Based on conjecture, and not on factual documentation, in the PSI "the probation officer sees nothing in the available (that is, minimal) records which suggests that the defendant was convicted as a juvenile. As such, the defendant's "Shepard" argument is moot as the Judgment and Commitment in paragraph 10 , on it's (sic) face, establishes that the conviction was an adult conviction and a crime of violence. Therefore, in the opinion of the probation officer, the prior conviction

14

has appropriately been included as a predicate for ACC status)." (Doc. 39, Appendix Ex. A, page 39). In actual fact, however, nothing (other than impermissible opinion of a probation officer) in the record establishes that Henderson was convicted as an adult of this second robbery. Query, because the probation officer "sees nothing in the available records…that defendant was convicted as a juvenile, that leads to the conclusion that he was convicted as an adult? That is illogical. The state and federal criminal justice system is based upon documentation of charged offenses, and convictions, and to conclude that lack of documentation leads to the conclusion that a conviction was an adult conviction is an unintelligible conclusion, especially where the probation officer at his cited paragraph 10 specifically refers to the Federal <u>Youthful</u> Corrections Act, under which Henderson was sentenced (emphasis added).

## CONCLUSION

For the above and foregoing reasons, Henderson respectfully requests that this Court reverse the sentence imposed upon him by the District Court, and remand the matter for re-sentencing as a non-armed career criminal, in that sufficient predicate convictions are lacking for armed career criminal status.

Dated: July 3, 2013.

             Ira James Henderson, Appellant

           By: /s/ Steven H. Jesser
             Steven H. Jesser, Attorney at Law, P.C.

Steven H. Jesser
Steven H. Jesser, Attorney at Law, P.C.
Attorney for Appellant
5250 Old Orchard Road, Suite 300
Skokie, IL 60077-4462
800-424-0060
800-330-9710 fax
shj@sjesser.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because this brief uses a 14 point proportional, serif typeface, using Microsoft Word 2007 with Times New Roman font containing 14 characters per inch, and contains 433 lines of text and 2,939 words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

/s/ Steven H. Jesser_____
Steven H. Jesser, Attorney at Law, P.C.

Steven H. Jesser
Steven H. Jesser, Attorney at Law, P.C.
Attorney for Appellant
5250 Old Orchard Road, Suite 300
Skokie, IL 60077-4462
800-424-0060
800-330-9710 fax
shj@sjesser.com

# CERTIFICATE OF SERVICE

# PROOF OF SERVICE

      I certify that I served copies of the foregoing brief electronically through the Court ECF system on July 3, 2013 and by mail, upon

Jennifer P. May-Parker, AUSA
310 New Bern Avenue, Suite 800
Raleigh, NC 27601-1461,

and by mail to

Ira J. Henderson # 05327-016
U.S.P. Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525

____

all by depositing same at the Glenview, IL Post Office on July 3, 2013; and that I served five copies of said motion upon

Clerk of Court
United States Court of Appeals, Fourth Circuit
1100 East Main Street
Richmond, VA 23219

by posting same by USPS Priority Mail even date from the Glenview, IL Post Office.

                                                   /s/ Steven H. Jesser
                                                   Steven H. Jesser

Steven H. Jesser
Steven H. Jesser, Attorney at Law, P.C.
5250 Old Orchard Road, Suite 300
Skokie, IL 60077-4462
(847) 424-0200

Appeal: 13-4040   Doc: 24   Filed: 07/03/2013   Pg: 19 of 19

19